IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN RIGHT TO LIFE POLITICAL
ACTION COMMITTEE,

       Plaintiff,

      v.                                        Case No. 09-CV-764

MICHAEL BRENNAN, in his official capacity as a
member of the Government Accountability Board,
WILLIAM EICH, in his official capacity as a
member of the Government Accountability Board,
GERALD NICHOL, in his official capacity as a
member of the Government Accountability Board,
THOMAS CANE, in his official capacity as a
member of the Government Accountability Board,
THOMAS BARLAND, in his official capacity as a
member of the Government Accountability Board,
GORDON MYSE, in his official capacity as a
member of the Government Accountability Board,
DAWN MARIE SASS, in her official capacity as
Wisconsin State Treasurer, and JOHN T.
CHISHOLM, in his official capacity as Milwaukee
County District Attorney,

       Defendants.

## DEFENDANT-INTERVENORS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Defendant-Intervenors Common Cause in Wisconsin, Wisconsin Democracy Campaign, and League of Women Voters of Wisconsin Education Fund, by their undersigned legal counsel, as and for their Answer and Affirmative Defenses to the Verified Complaint for Injunctive and Declaratory Relief ("the Complaint") filed in this matter by plaintiff Wisconsin Right to Life Political Action Committee ("WRTL"), hereby admit, deny, and allege as follows:

- 2 -

1. Paragraph 1 contains WRTL's characterization of its claims and thus no response is required. With regard to WRTL's legal assertions, the First and Fourteenth Amendments to the United States Constitution and the judicial decisions interpreting and applying those provisions speak for themselves. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 1.

2. Paragraph 2 contains WRTL's characterization of the relief requested and thus no response is required. With regard to WRTL's legal assertions, the First and Fourteenth Amendments to the United States Constitution speak for themselves. To the extent that any response is deemed necessary, Defendant-Intervenors deny that WRTL is entitled to the relief it requests.

3. Defendant-Intervenors admit any factual allegations in paragraph 3.

4. Defendant-Intervenors admit any factual allegations in paragraph 4.

5. Defendant-Intervenors admit any factual allegations in paragraph 5.

6. Defendant-Intervenors admit any factual allegations in paragraph 6.

7. Defendant-Intervenors admit the factual allegations in the first sentence of paragraph 7. With regard to WRTL's legal assertions, the statutes cited in the second sentence of paragraph 7 speak for themselves. To the extent that any further response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 7.

8. Defendant-Intervenors admit the factual allegations in the first sentence of paragraph 8. With regard to WRTL's legal assertions, the statutes cited in the second sentence of paragraph 8 speak for themselves. To the extent that any further response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 8.

- 3 -

9. Defendant-Intervenors admit the allegations in the first sentence of paragraph 9. With regard to WRTL's legal assertions, the statutes cited in the second sentence of paragraph 9 speak for themselves. To the extent that any further response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 9.

10. In response to the first two sentences of paragraph 10, Defendant-Intervenors admit that the Wisconsin Legislature created Wis. Stat. ch. 11, that Wis. Stat. ch. 11 was amended by 2009 Wisconsin Act 89, and that the enactment date of 2009 Wisconsin Act 89 is December 1, 2009. Further answering, Defendant-Intervenors deny the allegations in the last sentence of paragraph 10 and allege that 2009 Wisconsin Act 89 will not become effective until December 1, 2010.

11. Defendant-Intervenors admit the allegations in the first sentence of paragraph 11. Further answering, Defendant-Intervenors admit the allegations in the paragraph regarding candidate expenditures in 2007, 2008, and 2009, except Defendant-Intervenors allege that WRTL's allegation as to spending by candidate Louis Butler's committee is inconsistent with public records. Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph regarding the specific amounts of expenditures by political committees, and therefore deny same. Defendant-Intervenors further lack knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph regarding the specific amounts of issue ad expenditures, and therefore deny same. Defendant-Intervenors further deny knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 11, and therefore deny same.

12. With regard to the legal assertions in paragraph 12, the statutes cited speak for themselves, and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 12.

13. With regard to the legal assertions in paragraph 13, the statute cited speaks for itself, and thus no response is required. Further answering, Defendant-Intervenors deny that Wis. Stat. § 11.513(2) is accurately quoted in paragraph 13. Defendant-Intervenors allege that the text of Wis. Stat. 11.513(2), as enacted in 2009 Wisconsin Act 89 is as follows:

> When the aggregate independent disbursements made or obligated to be made by a person against an eligible candidate for an office or for the opponents of that candidate exceed 120 percent of the public financing benefit for that office in the primary election campaign period or the election campaign period, the board shall immediately certify to the state treasurer the name of that candidate together with the amount of a supplemental grant that shall become payable to that candidate. The supplemental grant shall be equivalent to the aggregate independent disbursements made or obligated to be made by a person, but not to exceed, exclusive of any amount to which a candidate is entitled under s. 11.512(2), an amount equal to 3 times the public financing benefit payable to a candidate for the applicable office at the primary or other election for which the benefit is received. The state treasurer shall then immediately credit that candidate with an additional line of credit for the amount certified.

14. With regard to the legal assertions in paragraph 14, the statute cited speaks for itself, and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 14.

15. Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the veracity of the first sentence of paragraph 15 and therefore deny same. In response to the second sentence, Defendant-Intervenors admit that WRTL has been involved in past Wisconsin Supreme Court races and has shown support through flyers, endorsement letters, and articles, but deny knowledge or information sufficient to form a believe as to the truth of the

allegation about the amount of expenditures in prior elections and therefore deny same. The third and fourth sentences of paragraph 15 contain WRTL's characterizations of Exhibits 1 and 2 to its Complaint, and thus no response is required.

16. Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the veracity of the first sentence of paragraph 16 and therefore deny same. Further answering, Defendant-Intervenors deny the allegations in the second sentence of paragraph 16.

17. Defendant-Intervenors lack knowledge or information sufficient to form a belief as to the allegations that WRTL's reports in the future will trigger the rescue fund and that WRTL intends not to exercise its First Amendment rights in future elections and therefore deny same. Further answering, Defendant-Intervenors deny the remaining factual allegations in paragraph 17.

18. The first paragraph numbered 18 contains WRTL's characterization of available legal remedies, and thus requires no response. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 18.

18A. In response to the second paragraph numbered 18, the responses of the preceding paragraphs are incorporated and realleged as if fully set forth.

19. With regard to the legal assertions in paragraph 19, the statute cited speaks for itself and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 19.

20. With regard to the legal assertions in paragraph 20, the First Amendment to the U.S. Constitution and the cases cited speak for themselves and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 20.

21. Defendant-Intervenors admit that assisting the GAB in implementing the rescue fund is one of several purposes of the reporting requirement in Wis. Stat. § 11.513(1), but deny that that is the only purpose of that requirement. With regard to the legal assertions in paragraph 21, the statute and cases cited speak for themselves and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 21.

22. With regard to the legal assertions in paragraph 22, the case cited speaks for itself and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 22.

23. In response to the first paragraph numbered 23, the responses of the preceding paragraphs are incorporated and realleged as if fully set forth.

24. With regard to the legal assertions in the first paragraph numbered 24, the statute cited speaks for itself and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in the first paragraph numbered 24.

24A. With regard to the legal assertions in the second paragraph numbered 23, the cases cited speak for themselves and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in the second paragraph numbered 23.

24B. In response to the second paragraph numbered 24, Defendant-Intervenors admit that Wis. Stat. § 11.513(1) requires reporting of some "obligations" to make expenditures and deny the remaining allegations in the paragraph. With regard to the legal assertions in the second paragraph numbered 24, Wis. Stat. § 11.513(1) speaks for itself, and thus no response is required.

25. Defendant-Intervenors deny the allegations in paragraph 25.

26. In response to paragraph 26, the responses of the preceding paragraphs are incorporated and realleged as if fully set forth.

27. With regard to the legal assertions in paragraph 27, the statute cited speaks for itself and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 27.

28. With regard to the legal assertions in paragraph 28, the cases cited speak for themselves and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 28.

29. With regard to the legal assertions in paragraph 29, Wis. Stat. § 11.513 speaks for itself and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 29.

30. Defendant-Intervenors deny the allegations in paragraph 30.

31. In response to paragraph 31, the responses of the preceding paragraphs are incorporated and realleged as if fully set forth.

32. Defendant-Intervenors deny that Wis. Stat. § 11.513(2) is accurately quoted in paragraph 32. Defendant-Intervenors allege that the text of Wis. Stat. 11.513(2), as enacted in 2009 Wisconsin Act 89 is as follows:

> When the aggregate independent disbursements made or obligated to be made by a person against an eligible candidate for an office or for the opponents of that candidate exceed 120 percent of the public financing benefit for that office in the primary election campaign period or the election campaign period, the board shall immediately certify to the state treasurer the name of that candidate together with the amount of a supplemental grant that shall become payable to that candidate. The supplemental grant shall be equivalent to the aggregate independent disbursements made or obligated to be made by a person, but not to

exceed, exclusive of any amount to which a candidate is entitled under s. 11.512(2), an amount equal to 3 times the public financing benefit payable to a candidate for the applicable office at the primary or other election for which the benefit is received. The state treasurer shall then immediately credit that candidate with an additional line of credit for the amount certified.

33. With regard to the legal assertions in the first sentence of paragraph 33, Wis. Stat. § 11.513 speaks for itself and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in the first sentence of paragraph 33. Further answering, Defendant-Intervenors deny the allegations in the second sentence of paragraph 33.

34. With regard to the legal assertions in paragraph 34, the cases cited speak for themselves and thus no response is required. To the extent that any response is deemed necessary, Defendant-Intervenors deny the allegations in paragraph 34.

35. Defendant-Intervenors deny the allegations in paragraph 35.

36. Defendant-Intervenors deny the allegations in paragraph 36.

## DEFENSES

1. Pursuant to Fed. R. Civ. P. 12(b)(6), the Complaint fails to state a claim on which relief can be granted.

WHEREFORE, having fully answered, Defendant-Intervenors respectfully pray that the Court dismiss this action and afford such other relief as the Court deems equitable and proper.

Respectfully submitted,

COMMON CAUSE IN WISCONSIN
WISCONSIN DEMOCRACY CAMPAIGN
LEAGUE OF WOMEN VOTERS OF
    WISCONSIN EDUCATION FUND

DATED: February 8, 2010.

By: /s/ Edwin J. Hughes
Edwin J. Hughes
State Bar Number 1005126
STAFFORD ROSENBAUM LLP
222 West Washington Avenue, Suite 900
Post Office Box 1784
Madison, Wisconsin 53701-1784
608.256.0226
Fax: 608.259.2600
ehughes@staffordlaw.com

David W. Carpenter
Tacy F. Flint
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
312.853.7000
Fax: 312.853.7036
dcarpenter@sidley.com
tflint@sidley.com

Monica Youn
Angela Migally
BRENNAN CENTER FOR JUSTICE AT
  NEW YORK UNIVERSITY SCHOOL OF LAW
161 Avenue of the Americas, 12th Floor
New York, NY 100013
212.998.6730
monica.youn@nyu.edu
migallya@exchange.law.nyu.edu