UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **WISCONSIN RIGHT TO LIFE POLITICAL ACTION COMMITTEE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**MICHAEL BRENNAN et al.,**<br><br>*Defendants*. | Civil Action No. 3:09-cv-00764 |

**RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

On February 28, 2010, Common Cause of Wisconsin, the League of Women Voters of Wisconsin Education Fund, and the Wisconsin Democracy Campaign (collectively "Proposed-Intervenors") filed their motion to intervene as defendants in this cause and filed an answer and affirmative defenses. (Doc. 28.) Pursuant to this Court's order, issued on February 9, 2010, Plaintiff Wisconsin Right to Life ("WRTL") now timely responds.

**Facts**

On December 22, 2009, WRTL filed its Complaint in the present action. In it, WRTL alleged the unconstitutionality of certain provisions of the Impartial Justice Act, which provides public funding in Wisconsin Supreme Court races. In particular, WRTL asserts that § 11.513 of the Act imposes an unconstitutional burden on its independent expenditures to judicial candidates not participating in the rescue fund scheme and unconstitutionally chills WRTL's speech by including its independent expenditures in the calculations for fund dispersements to participating candidates.  In filing their Motion to Intervene, Proposed-Intervenors seek to assist

in defending these provisions of the Impartial Justice Act, claiming unique interests and expertise.

## Argument

Proposed-Intervenors seek to intervene, both as of right under F.R.C.P. 24(a)(2), and permissively under F.R.C.P. 24(b)(2). Neither form of intervention is appropriate in this context.

**I. The Motion to Intervene As Of Right Under Fed. R. Civ. P. 24(a)(2) Should Be Denied.**

Intervention as of right is governed by Federal Rule of Civil Procedure 24(a)(2), which states: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." That is, the movant must "(1) make timely application, (2) have an interest relating to the subject matter of the action, (3) be at risk that that interest will be impaired, 'as a practical matter,' by the action's disposition and (4) lack adequate representation of the interest by the existing parties." *Nissei Sangyo America, Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994). Proposed-Intervenors do not satisfy all of these requirements.[1]

**A.      Proposed-Intervenors Do Not Have A Significantly Protectable Interest.**

For Proposed-Intervenors "[t]o have standing, or to be 'aggrieved,'" Proposed-Intervenors must "(1) hav[e] suffered (or hav[e] the prospect of suffering) the *kind* of harm (that is, concrete and personal) that would support a suit at common law, . . . provided (2) that the

---

[1] WRTL does not contest the timeliness of the intervention motion.

**RESPONSE OPPOSING INTERVENTION**                                -2-

harm is to an interest that is protected by the statute claimed to provide the ground or relief." *Solid Waste Agency of Northern Cook County v. United States Army Corps of Engineers*, 101 F.3d 503, 505 (7th Cir. 1996). This harm must give the a movant "the minimal standing required by Article III, which our court requires of any intervenor." *Id.* at 507.

Demonstrating an injury as required by Article III "is not enough by itself to allow a person to intervene in a federal suit and thus become a party to it." *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009). Rule 24(a)(2) requires that the interest asserted "relat[e] to the property or transaction that is the subject of the action. . . . that you might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit . . . does not entitle you to intervene in their suit." *Id.* (citations omitted). The interest asserted must be made by "someone whom the law on which his claim is founded was intended to protect." *Id.* at 572. In other words, "[t]he interest must be based on a right that belongs to the proposed intervenor rather than to an existing party in the suit." *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985). Indeed, "[r]emoteness of injury is a standard ground for denying a person the rights of a party to a lawsuit." *Flying J, Inc.,* 578 F.3d at 571 (citations omitted).

Proposed-Intervenors do not possess the necessary injury-in-fact to have standing as intervenors. They assert that their interest is in "provid[ing] voter education services to its members and the public," facilitated by the transparency afforded Wis. Stat. § 11.513. (Mem. Intervene at 7-8.) This interest in facilitating voter services is not the purpose of Wis. Stat. § 11.513. Rather, the provision is designed to facilitate the administration of the rescue funds by keeping the Government Accountability Board appraised of the status of third party independent expenditures for rescue fund disbursements:

**RESPONSE OPPOSING**
**INTERVENTION** -3-

> When the aggregate independent disbursements made or obligated to be made by a person against an eligible candidate for office or for opponents of that candidate exceed 120 percent of the public financing benefit for that office . . . the board shall immediately certify to the state treasure the name of that candidate together with the amount of a supplemental grant that shall be payable to that candidate.

Wis. Stat. § 11.513(2). Reporting of such expenditures for voter informational purposes were already in place prior to the passage of § 11.513 and continue to be in force. *See* Wis. Stat. § 11.06(1)(j) (requiring independent expenditure reports of political committees and individuals). As such, § 11.513 adds nothing to Proposed-Intervenors' ability to provide voter services that was not already there prior to its passage nor directly harms that ability should the law be found unconstitutional. Lacking a concrete, direct harm if § 11.513 is found unconstitutional, Proposed-Intervenors do not possess the requisite standing for intervention. Their motion should be denied.

**B.     Proposed-Intervenors Will Not Be Impaired or Impeded In Their Ability to Protect Their Asserted Interests.**

In as much as Proposed-Intervenors have an interest—albeit an indirect one—in the outcome of this matter, their ability to protect that interest can legitimately be ensured through participation as amici in this case. "Persons who care about the legal principles that apply to a dispute may appear as *amici curiae*; they are not entitled to intervene." *Atlantic Mut. Ins. Co. v. Northwest Airlines, Inc.*, 24 F.3d 958, 961 (7th Cir. 1994). WRTL does not object to Proposed-Intervenors filing an amicus brief that presents to this Court whatever relevant data they believe their expertise and "unique and varied perspectives" lend to the review and resolution of this case. (Mem. Intervene at 14.)

**RESPONSE OPPOSING
INTERVENTION**                                    -4-

### C. The State Adequately Represents the Interests of the Proposed-Intervenors.

Inasmuch as Proposed-Intervenors seek to represent the informational interests of the voter, such participation as an intervenor is unnecessary. "Where the interests of the original party and of the intervenor are identical—where in other words there is no conflict of interest—adequacy of representation is presumed." *Solid Waste*, 101 F.3d at 508. Further, "when the representative party is a governmental body charged by law with protecting the interests of the proposed intervenors, the representative is presumed to adequately represent their interests unless there is a showing of gross negligence or bad faith." *Ligas v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007).

The Attorney General already represents the state of Wisconsin in defending Wis. Stat. § 11.513, and indeed, Proposed-Intervenors recognize that it will address "the same questions of the statute's effect and validity as will the Attorney General," that it will not introduce "new, separate issues into the litigation," and that it has "common questions of law and fact" with that of the Attorney General. (Mem. Intervene at 13.) Without evidence that the Attorney General will somehow insufficiently defend Wis. Stat. § 11.513, Proposed-Intervenors unnecessarily complicate this litigation by acting as a party. *See Flying J, Inc. v. Van Hollen*, 578 F.3d at 572; *Solid Waste Agency*, 101 F.3d at 507.

### II. Permissive Intervention Under Fed. R. Civ. P. 24(b)(1)(B) Should Be Denied.

Permissive intervention is governed by Federal Rule of Civil Procedure 24(b)(1)(B), which states: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." The precise requirements of Rule 24(b)(1)(B) as to standing is unclear in the Seventh Circuit. *Transamerica*

*Ins. Co. v. South,* 125 F.3d 392 (7th Cir. 1997); *but see Flying J, Inc.,* 578 F.3d at 571 (stating without discussion that a permissive intervenor must establish Article III standing). Regarding intervention generally, the Seventh Circuit has asserted that "at some fundamental level the proposed intervenor must have a stake in the litigation" to satisfy Article III requirements. *Sokaogon Chippewa Community v. Babbitt,* 214 F.3d 941, 946 (7th Cir. 2000). Permissive intervention is discretionary and "will be reversed only for abuse of discretion." *Id.* at 949.

In advocating for permissive intervention, Proposed-Intervenors reassert their arguments made in support of intervention as of right, addressed in this Brief *supra* Part I. They also highlight the common question of law and fact between its position and the Attorney General's. (Mem. Intervene at 13.)

Fundamentally, this case involves a question of law. The parties' agreement to the time table established in this case—with dispositive motions due in July 2010 and a trial date scheduled for December 2010—demonstrates that little time is needed by either of the parties to develop any factual analysis and that the focus will be legal in nature. Proposed-Intervenors' involvement *as parties* will do little by way of contributing "to the speedy and accurate resolution of the litigation." (Mem. Intervene at 14.) The circumstances cited by Proposed-Intervenors where such was the case—notably, *Green Party of Connecticut v. Garfield,* No. 3:06-cv-01030 (D. Conn. Feb. 27, 2007) and *Jackson v. Leake,* No. 5:06-cv-324 (E.D.N.C. Sept. 6, 2006)[2]—involved candidates directly affected by the law, joined by non-profit groups, as

---

[2] Proposed-Intervenors also rely on *McComish v. Brewer,* No. 2:08-cv-1550 (D. Ariz. Sept. 3, 2008). In that context, intervention as of right was granted to the Clean Elections Institute because the Clean Elections Act expressly granted proponents of the Act the right to intervene. *See* A.R.S. § 16-960.

intervenors. Such is not the case here.

Proposed-Intervenors acknowledge that their primary contribution to this matter will be to "impart factual and historical knowledge that will aid the Court's assessment of the legal issues." (Mem. Intervene at 13-14.) They present no evidence of an expected deficiency from the Attorney General in representing voters' interests and defending the statute at issue in this matter. Thus, their involvement beyond that of amici is unwarranted. This Court, in its discretion, should deny Proposed-Intervenors' permissive intervention motion in this case.

## Conclusion

Proposed-Intervenors do not have standing nor assert an adequate interest that mandates intervention as of right as defendants in this lawsuit. Likewise, the interests they assert to not warrant more than amici status in this case. This Court should deny Proposed-Intervenors' Motion to Intervene.

Dated: February 22, 2010

Respectfully Submitted,

/s/Michael D. Dean
Michael D. Dean
First Freedoms Foundation, Inc.
20975 Swenson Drive, Suite 125
Waukesha, WI 53186
Ph: 262/798-8046
Fax: 262/798-8045
*Local Counsel for WRTL*

James Bopp Jr., Ind. #2838-84
Anita Y. Woudenberg, Ind. #25162-64
Sarah E. Troupis, Wis. #1061515
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
812/232-2434 telephone
812/234-3685 facsimile
*Lead Counsel for WRTL*